## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INTELLECTUAL VENTURES I LLC,

     Plaintiff,

v.

UBIQUITI, INC.,

     Defendant.

Civil Action No. 23-cv-865-JLH

## ~~[PROPOSED]~~ PROTECTIVE ORDER

This Order ("Protective Order") is made under Fed R. Civ. P. 26(c) and governs any

Discovery Materials designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL-

ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL-SOURCE CODE, as those terms

are defined below, furnished by Intellectual Ventures I LLC ("Plaintiff") or Ubiquiti, Inc.

("Defendant") (each hereinafter a "Party" and collectively the "Parties") to any other Party in

C.A. No. 1:23-cv-00865-JLH ("this Litigation").  This Protective Order further applies to any

non-party ("Third Party") that produces documents or things in connection with this Litigation

regardless of whether such production is made pursuant to subpoena.

This Order shall be binding upon the Parties and their attorneys, successors, legal

representatives, assigns, affiliates, subsidiaries, divisions, employees, agents, independent

contractors, or other persons or organizations over which they have control.

1.     **Purposes and Limitations**

    (a)    Protected Material designated under the terms of this Protective Order

shall be used by a Receiving Party solely for this Litigation or any related appellate proceeding

and shall not be used directly or indirectly for any other purpose whatsoever, including other

litigations between the Parties.

(b)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all Receiving Parties that it is withdrawing or changing the designation, and provide replacement materials with the appropriate designation.

2.    **Definitions**

(a)    "Litigation" or "this Litigation" means C.A. No. 1:23-cv-00865-JLH.

(b)    "Discovery Material(s)" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(c)    "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the Litigation with prejudice, including all appeals.

(d)    "Outside Counsel" means: (i) counsel of record for a Party and (ii) employees of the counsel, including but not limited to, other attorneys, paralegals, and staff of such counsel to whom it is reasonably necessary to disclose the information for this Litigation.

(e)    "Party" means any party to this Litigation, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel.

(f)    "Producing Party" means a Party to this Litigation, or any Third Party, that furnishes, produces, or discloses documents, things, or information-whether voluntarily or in

2

response to a request for discovery or by court order, during the course of this Litigation-and if applicable, designates any of the foregoing as Protected Material.

(g)    "Receiving Party" means a Party to which documents, things, or information are furnished, disclosed, or produced during this Litigation.

(h)    "Protected Material" means any Discovery Material that is designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL-SOURCE CODE, as provided for in this Order.  Protected Material shall not include: (i) advertising materials that have been published or publicly disseminated; or (ii) materials that show on their face they have been disseminated to the public.

(i)    "Source Code" means documents containing or substantively relating to confidential, proprietary and/or trade secret text that defines software, firmware, or electronic hardware descriptions written in human-readable programming language, including but not limited to, computer code, scripts, assembly, binaries, object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and further including comments to the above code, libraries referenced in the above code, build scripts, and version change histories.

(j)    "Asserted Patent" means U.S.  Patent No. 8,594,122.  If Plaintiff amends its complaint to include infringement counts as to additional asserted patent(s), the term "Asserted Patent" shall also encompass the later-asserted patent(s).

3.    **Scope**

(a)    The protections conferred by this Order cover not only Protected Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

3

conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

(c)    Nothing in this Order shall be construed to prejudice any Party's right to use Protected Material in Court or in any court filing provided such use is consistent with the terms of this Order.

(d)    This Order is without prejudice to the right of any Party, for good cause shown, to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all. Further, this Order shall not be construed to obligate a Party to produce any particular Discovery Material.

4.    **<u>Duration</u>**

(a)    Even after Final Disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

5.    **<u>Discovery Material Designated as CONFIDENTIAL</u>**

(a)    A Producing Party may designate Discovery Material as CONFIDENTIAL if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as CONFIDENTIAL may be disclosed only to the following:

(i)    Outside Counsel, including such counsel's immediate paralegals and staff, and any copying or clerical litigation support services, including, for example, document review attorneys, working at the direction of such counsel, paralegals, and staff;

(ii)    The Court, including Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this Litigation is pending, and qualified court reporters and/or videographers;

(iii)    Consultants or experts and their staff retained by any of the Parties or their counsel to consult or testify in the case, approved under the process set forth in Paragraph 12, excluding employees, officers or directors of a named Party;

(iv)    Persons reflected as authors or drafters of the Protected Material on the face of the document;

(v)    Third-party contractors and their employees employed by either Party or their Outside Counsel for document management or copying services for this Litigation;

(vi)    Third-party contractors and their employees involved in graphics or design services retained by either Party or their counsel for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in this Litigation;

(vii)    Third-party contractors and their employees involved in jury or trial consulting or technical services retained by a Party or their counsel in this Litigation, including mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)  In connection with a deposition or hearing: current employees of the Producing Party; experts retained by the Producing Party for the case; any witness designated to testify pursuant to Fed. R. Civ. P. 30(b)(6) by the Producing Party;

(ix)    For each party to this Litigation, employees of the Receiving Party, who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below; and

(x)    Any other person authorized to receive CONFIDENTIAL designated material by order of the Court, by written agreement of the Parties, or by any other person with the prior written consent of the Producing Party.

**6.    <u>Discovery Material Designated as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY</u>**

(a)    A Producing Party may designate Discovery Material as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY designation: trade secrets; research and development, and pending but unpublished patent applications; commercially sensitive competitive information; commercial agreements, license agreements, settlement agreements, or settlement communications; pricing information; financial data; sales information; sales or marketing forecasts or plans; business plans; sales or marketing strategy; product development information; engineering documents; testing documents;

employee information; and other non-public information of similar competitive and business sensitivity.

(b)    Discovery Material designated as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY may be disclosed only to the following persons, subject to the terms of Paragraphs 9 and 12:

(i)    Persons identified in Paragraphs 5(b)(i)-(viii); and

(ii)    Any other person authorized to receive HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY designated material by order of the Court, by written agreement of the Parties, or by any other person with the prior written consent of the Producing Party.

**7.    Discovery Material Designated as HIGHLY CONFIDENTIAL-SOURCE CODE**

(a)    To the extent production of Source Code becomes necessary to the prosecution or defense of the Litigation, a Producing Party may designate Source Code as HIGHLY CONFIDENTIAL-SOURCE CODE.

(b)    Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)    Discovery Material designated as HIGHLY CONFIDENTIAL-SOURCE CODE may be disclosed only to the following:

(i)    The persons described in Paragraphs 5(b)(i)-(ii), (iv), persons described in Paragraph 5(b)(viii) above who have opined on source code in this Litigation or have been designated to testify on Rule 30(b)(6) topics relating to the source code, and individuals who are shown to be the authors of or to have previously reviewed the given source code;

(ii)   Up to three consultants or experts, and their support personnel, retained for the purpose of this Litigation and approved pursuant to the procedures set forth in Paragraph 12; and

(iii)   Any other person authorized to receive HIGHLY CONFIDENTIAL-SOURCE CODE designated material by order of the Court, by written agreement of the Parties, or by any other person with the prior written consent of the Producing Party.

(d)   Discovery Material designated as HIGHLY CONFIDENTIAL-SOURCE CODE shall also be subject to the provisions set forth in Paragraphs 9, 12, and 13.

## 8.    **Prosecution Bar**

(a)   <u>Patent Prosecution Bar</u>. Absent the written consent of the Producing Party, any person employed by, related to, or representing Plaintiff who is permitted to and in fact receives any of Ubiquiti's materials designated HIGHLY CONFIDENTIAL-SOURCE CODE or technical information designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY (collectively, "HIGHLY SENSITIVE TECHNICAL MATERIAL"), in accordance with this Order, shall not be involved in the prosecution of any patents or patent applications relating to the subject matter claimed in the Asserted Patent, before any foreign or domestic agency, including the United States Patent and Trademark Office.

These prohibitions shall not preclude Plaintiff's litigation counsel from participating in any *inter partes* review, reexamination, reissue, or other post- grant review proceedings. However, if and when claim amendments are considered in such proceedings, Plaintiff's litigation counsel participating in that proceeding must at that time either end their involvement in that proceeding or request leave of court to continue their participation in that proceeding.

The prohibitions of this paragraph shall begin when the HIGHLY SENSITIVE TECHNICAL MATERIALS are first received by the affected individual, and shall end one year after Final Disposition.

9.    **Designating Protected Material**

(a)    <u>Available Designations</u>:  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL-SOURCE CODE.

(b)    <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

(c)    <u>Manner and Timing of Designations</u>:  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, a disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(i)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix one of the applicable legends to each page:  CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, OR HIGHLY CONFIDENTIAL-SOURCE CODE.  For documents produced natively (e.g., Excel spreadsheets or PowerPoint slides), the Producing Party shall affix one of the applicable legends to the corresponding slipsheet, document production metadata field, or filename, as applicable. In the event that original

9

documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" during the inspection and redesignated, as appropriate during the copying process.

(ii)    for testimony given in deposition that the Producing Party identifies on the record or up to thirty calendar days after receipt of the final transcript, that the transcript shall be treated as CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL-SOURCE CODE.  The use of a document as an exhibit at a deposition shall not, by itself, in any way affect the designation of the exhibit.  If Protected Material is being discussed on the record, the resulting testimony shall be likewise designated unless otherwise agreed in writing or on the record.  Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. Until expiration of the thirty-day period, the deposition testimony and resulting transcript shall be treated as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY.

Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall

have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding or discussing such Protected Material.

(iii)  for information produced in some form other than documentary evidence, including other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL-SOURCE CODE.

10.    **Access to and Use of Protected Material**

(a)    Secure Storage.  Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.  Protected Material designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL-SOURCE CODE shall be stored within the United States.  Nothing in this Provision shall prejudice a Receiving Party's ability to transport and use Protected Materials at a deposition conducted outside the United States, provided that such transportation and use complies with applicable United States laws and regulations. The Receiving Party shall exercise at least the same degree of care in handling the Protected Material from the Producing Party that it would with its own Protected Material and to confidential information of a similar nature, but in no event less than a reasonable degree of care.

(b)    Legal Advice Based on Protected Material:  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this

Litigation based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(c)    <u>Filing Under Seal</u>:  Any Protected Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.    Documents filed under seal must be filed in accordance with Local Rule 5.1.3.

(d)    <u>Limitations</u>:  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Subject to the procedures set forth in Paragraph 14 below, nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with written consent of the Producing Party; or (v) pursuant to order of the Court.

11.    **Disclosure and Review of Source Code**

(a)    Properly discoverable Source Code shall be made available for inspection in electronic format at the office of the Producing Party's Outside Counsel, or any other location mutually agreed by the Parties.  Source Code will be made available for inspection between the hours of 8:30 a.m. and 6:30 p.m., local time, on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)    Following an applicable discovery request, the Parties shall work together to determine what Source Code will be inspected.  Once the Parties have agreed on the Source Code to be inspected and the Source Code has been delivered to the Producing Party's Outside

Counsel, the Receiving Party shall provide at least five business days' notice prior to an initial proposed inspection and at least two (2) business days' notice for any subsequent review sessions.

(c)    Source Code by default is designated HIGHLY CONFIDENTIAL-SOURCE CODE and shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)    Agreed upon Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and experts approved by the process set forth in Paragraph 12, in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for the ports necessary for a keyboard, mouse, and monitor), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Source Code shall be provided on the Source Code Computer in a searchable format and with only viewing rights (i.e., without rights to edit, modify, write, or delete).  The Source Code Computer, including a keyboard, mouse, and monitor of at least 24 inches diagonal, shall be reasonably configured to permit the receiving Party to review the Source Code.  The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code on the Source Code Computer.

(ii)    The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced. The Receiving Party's outside counsel and/or experts may request that additional commercially available software tools (e.g.,

UNDERSTAND) for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such software tools can execute on the secured computer and are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with a CD or DVD (or other appropriate medium) containing such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The Producing Party and Receiving Party shall promptly meet and confer in good faith to resolve any disputes regarding the configuration of the Source Code Computer or the Source Code Review Room.

(iii)    The Receiving Party is prohibited from bringing recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind into the Source Code Review Room.

(iv)    During the Source Code review, the Producing Party agrees to provide a "break-out" room for the Receiving Party's Source Code reviewer(s) to make phone calls and to work.  To the extent such a break-out room is not reasonably available, the Producing Party agrees to so notify the Receiving Party at least three business days in advance of any day on which the Receiving Party's Source Code reviewers are expected to inspect the Source Code.

(v)    During the Source Code Review, the Receiving Party's Outside Counsel and experts approved pursuant to Paragraph 12, who review the source code pursuant to

14

paragraphs (i) to (iv) of this subsection, shall be entitled to take notes relating to the Source

Code, but may not copy the Source Code into the notes and may not take such notes on the

Source Code Computer itself.  Under no circumstances is any portion of the source code to be

recorded in notes as a way to circumvent the protections of this Protective Order.  If any

individual inspecting Source Code seeks to take notes, all such notes will be taken on bound

(spiral or other type of permanently bound) notebooks.  No loose paper or other paper that can be

used in a printer may be brought into the Source Code Review Room.  All such notes shall be

marked HIGHLY CONFIDENTIAL-SOURCE CODE.  The Parties acknowledge that any notes

or other work product taken or developed while in the Source Code Review Room may be later

transcribed in electronic form, but any such transcription shall be marked HIGHLY

CONFIDENTIAL-SOURCE CODE.

      (vi)   The Producing Party may visually monitor the activities of the

Receiving Party's representatives during any Source Code review, but only to the extent

reasonably necessary to ensure compliance with the provisions of this Paragraph.  In so doing,

the Producing Party will not record, track, monitor, listen in on, or otherwise inhibit the

Receiving Party's privileged communications or note-taking in the Source Code Review Room,

and the Producing Party's supervision will not, by itself, be deemed to cause any waiver or other

loss of any privilege covering such notes or communications.

      (vii)   No copies of all or any portion of the Source Code may leave the

Source Code Review Room except as otherwise provided herein. Further, no other written or

electronic record of the Source Code is permitted except as otherwise provided herein. The

Receiving Party may request that the Producing Party print 500 total pages and no more than 30

consecutive pages; however, the Receiving Party may not request printed copies for the purposes

of reviewing the Source Code other than electronically in the first instance. The printed pages shall be labeled with a number and the HIGHLY CONFIDENTIAL -SOURCE CODE designation.

The Producing Party shall have seven days to review the printed Source Code to determine whether to object before producing the printed Source Code.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action. Hard copies of the Source Code also may not be converted into an electronic document, except as necessary for expert report and pleadings filed under seal.

(viii) All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five calendar days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order.  A Producing Party may object to providing Source Code access to any persons so identified.  All persons viewing Source Code shall sign, on each day they view Source Code, a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.

(ix)   Unless otherwise agreed by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, but shall not intentionally attempt to review privileged or confidential information left by the Receiving Party.  All authorized persons shall be required to show a government-issued photo identification card confirming their identity prior to any access to the Source Code Review Room

or the Source Code Computer.  Access to the Source Code Review Room or the Source Code Computer may be denied to any individual who fails to provide proper identification.

(x)    Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer, including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Source Code Review Room or review site.

(xi)    The Receiving Party may make no more than three additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(vii), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.

(xii)    The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of five individuals identified by the Receiving Party shall have access to the printed portions of Source Code (except as provided for in the paragraph below titled "Use of Source Code").

(xiii)    To the extent reasonably necessary and pertinent to the expected testimony, the Receiving Party may make three additional copies of any printed Source Code in connection with a deposition of witness(es) permitted access to such Source Code pursuant to Paragraph 7(c). Any such additional copy made for the purpose of a deposition shall be promptly

17

destroyed after the conclusion of the deposition. Such additional deposition copies, and their disposition, shall be recorded in the Receiving Party's log. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Party's outside counsel for secure destruction in a timely manner following the deposition.

(xiv) **Use of Source Code.** Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including, by way of example only, that the Receiving Party may not scan the Source Code to a PDF or photograph the code except as permitted in this sub-paragraph). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers whenever possible. To the extent reasonably necessary and pertinent to the issue being addressed, the Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, and internal drafts thereof (a "Source Code Document"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. Only those portions of Source Code reasonably necessary and specifically referred to in such Source Code Document may be scanned into a PDF or similar electronic format. The Receiving Party shall maintain a log of all

such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled HIGHLY CONFIDENTIAL- SOURCE CODE as provided for in this Order.

12.    **Notice of Disclosure**

(a)    *Consultants and Experts.*

(i)    The identification of an expert or consultant pursuant to this Protective Order shall not be construed as the identification of an expert trial witness under Federal Rule of Civil Procedure 26(a)(2). Prior to a Receiving Party giving, showing, disclosing, making available, or communicating Protected Material to any expert or consultant under this Protective Order, the Party shall:

(1)    Serve a notice on the Producing Party, identifying the expert or consultant and the expert's or consultant's business address; business telephone numbers; present employer and position (along with a job description); consulting activities and job history for the past four years, including a list of all employers and clients to whom the expert or consultant has provided services; by name and number of the case and location of the court any litigation in connection with which the expert or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years; and past or present relationship, if any, with the Receiving Party; and pending patent applications on which the expert or consultant is named as

19

an inventor, in which the expert or consultant has any ownership interest, or as to which the expert or consultant has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims. Furthermore, if available or reasonably obtainable, the most recent *curriculum vitae* or resume of the expert or consultant shall be provided under this section. If the most recent *curriculum vitae* or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided. Further, nothing in this Protective Agreement precludes the Producing Party from reasonably requesting information regarding the expert's or consultant's professional activities to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.

(2)     Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the expert or consultant and including all the information to be completed therein.

(ii)    The Producing Party shall be entitled to object to disclosure to the expert or consultant within ten business days after receipt of the Acknowledgment of Protective Order by stating specifically in writing the reasons why such expert or consultant should not receive the Protected Material.

(iii)   If the Parties are unable to agree on the disclosure to the expert or consultant, the Party objecting to such expert or consultant may apply to the Court for an order that disclosure is improper within ten business days of its objection. The burden of establishing the validity of such written objections rests with the objecting party. If the objecting party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn.

(iv)   No disclosure of the Protected Material shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served and a submission to prevent disclosure is filed, until such time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

(v)   The filing and pendency of objections shall not limit, delay, or defer any disclosures of Protected Material to persons as to whom no such objection has been made.

(vi)   A Party's initial failure to object to an expert or consultant under this Paragraph shall not preclude that Party from later objecting to continued access by that expert or consultant for good cause.  If an objection is made, the Parties shall confer following the objection and attempt in good faith to resolve the dispute informally.  The designated expert or consultant may continue to have access to information that was provided to such expert or consultant prior to the date of the objection.  No further Protected Material shall be disclosed to the expert or consultant until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within ten business days after conferring, further Protected Material may thereafter be provided to the expert or consultant.

(b)    <u>Authorization and Acknowledgment</u>:  Each person to whom Protected

Material is to be given, shown, disclosed, made available or communicated in any way in

accordance with this Protective Order (excluding the Court-e.g., Judges, Magistrate Judges, law

clerks, qualified court reporters, and clerical personnel of the Court before which this action is

pending-and Outside Counsel of record to any Party in connection with this Litigation), shall

first execute an Acknowledgment of Protective Order in substantially the form shown in

Exhibit A.  Counsel for the Receiving Party shall keep in his or her files an original of each such

executed Acknowledgment of Protective Order until sixty calendar days after Final Disposition

of this Litigation.  Upon Final Disposition of this action and at the written request of the

Producing Party, all such executed agreements shall be provided to Outside Counsel for the

Producing Party.

### 13.    **Notice to Third Parties**

A Party is not required to produce Protected Material of a third party until the

Producing Party satisfies any obligation the Producing Party may have to the third party to notify

the third party of the Producing Party's production of the third party's Protected Material.  The

Producing Party should make such notification reasonably promptly after determining that such

notification is required.  If Protected Material is withheld in response to a discovery request

pursuant to this provision, the Party withholding material shall timely notify the requesting Party

of the withholding.

### 14.    **Challenging Designations of Protected Material**

(a)    A Receiving Party shall not be obligated to challenge the propriety of any

designation of Protected Material under this Order at the time the designation is made, and a

failure to do so shall not preclude a subsequent challenge thereto.  However, a Receiving Party

objecting to a designation of Protected Material must notify the Producing Party of its objection,

pursuant to the procedure in Paragraph 14(b), within a reasonable time of identifying the objection.

(b)    Any challenge to a designation of Protected Material under this Order shall be in writing, served on Outside Counsel for the Producing Party, particularly identify the documents or information that the Receiving Party contends should be differently designated, and state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The Producing Party and the Receiving Party shall confer in a good faith effort to resolve the dispute;

(ii)    Failing agreement, **~~the Receiving Party may bring a motion to the Court for a ruling that the Protected Material in question is not entitled to the status and protection of the Producing Party's designation~~.  The Parties' stipulation to entry of this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information; and

(iii)    Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated under this Order consistent with its existing designation until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws or otherwise changes such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation or otherwise rules that a different designation should be applied.

15.    **<u>Subpoenas or Court Orders</u>**

If at any time Protected Material is subpoenaed or otherwise ordered by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is

** The parties shall follow the Scheduling Order's provisions for Discovery Matters and Disputes Relating to Protective Orders (D.I. 23 ¶ 8(g)).

directed shall give prompt written notice thereof to every Producing Party who has produced

such Protected Material and to its counsel and shall endeavor to provide each such Producing

Party with an opportunity to move for a protective order regarding the production of Protected

Materials implicated by the subpoena or court order.  If a Producing Party does not take steps to

prevent disclosure of such documents within ten business days of the date written notice is given,

the Party to whom the subpoena or request is directed may produce such requested documents,

but shall take all reasonable measures to have such documents treated in accordance with terms

of this Protective Order.

16.    **Inadvertent Failure to Properly Designate**

(a)    The inadvertent failure by a Producing Party to designate Discovery

Material as Protected Material with one of the designations provided for under this Order shall

not waive any such designation, provided that the Producing Party notifies all Receiving Parties

that such Discovery Material is protected under one of the categories of this Order.  The

Producing Party shall reproduce the Protected Material with the correct confidentiality

designation within seven days upon its notification to the Receiving Parties.  Upon receiving the

Protected Material with the correct confidentiality designation(s), the Receiving Party shall

return or securely destroy, at the Producing Party's option, all Discovery Material that was not

designated properly.  Outside Counsel and their vendors shall not be required to delete such

Discovery Material that may reside on their respective firms' electronic disaster recovery

systems, but they shall not make further copies of such improperly designated Discovery

Material.

(b)    Once a Receiving Party has received notification of the correct

confidentiality designation for the Protected Material, the Receiving Party shall treat such

Discovery Material at the corrected confidentiality designation level pursuant to the terms of this Order.

### 17.    Inadvertent Disclosure Not Authorized by Order

(a)     In the event of a disclosure of any Protected Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected Material.

### 18.    Final Disposition

(a)     Not later than ninety days after the Final Disposition of this Litigation, each Party shall return all Protected Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material.  However, nothing herein requires a party to destroy or return Discovery Material that they are otherwise required by law to retain. For purposes of this Order, "Final Disposition" is defined above.

(b)     All Parties that have received any such Protected Material shall certify in writing within ninety days after the Final Disposition of this Litigation that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed. Notwithstanding the provisions for return or destruction of Protected Material, Outside Counsel

may retain the pleadings, written discovery requests and narrative responses, expert reports, transcripts, exhibits, correspondence and attorney and consultant work product (but not document productions) for archival purposes. Additionally, Outside Counsel and their vendors shall not be required to delete such Protected Material that may reside on their respective firms' electronic disaster recovery systems, but they shall not use or make further copies of such Protected Material for any purpose.

### 19. DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)     Drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable, including information protected by Federal Rule of Civil Procedure 26.

(b)     Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

(c)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d)     Discovery of materials provided to testifying experts shall be governed by the provisions of Federal Rule of Civil Procedure 26.

(e)     No conversations or e-mail communications between counsel and any testifying expert will be subject to discovery unless the conversations or e-mail communications are relied upon by such experts in formulating opinions or asserting facts that are presented in reports or trial or deposition testimony in this case.

(f)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 19(a)–(e) shall be treated as attorney-work product for the purposes of this litigation and Order.

20.    **Miscellaneous**

(a)     <u>Right to Further Relief</u>:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future for good cause shown.  By stipulating to entry of this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter and Retention of Jurisdiction</u>:  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the Litigation.  The Court shall retain jurisdiction after Final Disposition of this Litigation to hear and resolve any disputes arising out of this Protective Order.

(c)     <u>Successors</u>:  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this Litigation or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)  <u>Modification or Waiver by the Parties</u>:  The Producing Party and Receiving Party may agree in writing through their respective Outside Counsel to expressly modify, alter or waive specified provisions or protections provided for in this Protective Order with respect to particular information or material.

(f)  <u>Effective Immediately</u>:  This Protective Order shall become effective as a stipulation between the Parties immediately upon filing, notwithstanding the pendency of approval by the Court, and the Parties shall treat any Protected Material produced before Court approval as provided herein.

(g)  <u>Other Proceedings</u>:  By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated as Protected Material pursuant to this Order shall promptly notify that Party of the motion so that that Party may have an opportunity to appear and be heard on whether that information should be disclosed.

Dated: July 10, 2024

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Tel: 302-777-0300
Fax: 302-777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Matthew D. Vella
mvella@princelobel.com
Robert R. Gilman
rgilman@princelobel.com
Jonathan DeBlois
jdeblois@princelobel.com
Brian Seeve
bseeve@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: 617-456-8000
Fax: 617-456-8100

*Counsel for Plaintiff*

Respectfully submitted,

Fish & Richardson P.C.

/s/ Jeremy D. Anderson
Jeremy D. Anderson (No. 4515)
919 North Market Street, 17th Floor
Wilmington, DE 19801
(302) 658-5070
(302) 777-0300
janderson@fr.com

*Counsel For Defendant Ubiquiti, Inc.*

IT IS SO ORDERED this __17th__ day of July, 2024.

_____
The Honorable Jennifer L. Hall