IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC,**<br><br>       Plaintiff,<br><br>v.<br><br>**UBIQUITI, INC.,**<br><br>       Defendant. | Court No. 1:23-cv-00865-JCG |

## OPINION AND ORDER ON CLAIM CONSTRUCTION

This matter is before the Court for claim construction of U.S. Patent No. 8,594,122 ("the '122 patent"). The Parties seek construction of two similar phrases: "the second communication frame follows after a short inter frame space (SIFS) after the first communication frame" and "the second communication frame after a short inter frame space (SIFS) that follows the first communication frame." Joint Claim Construction Chart Ex. 1 (D.I. 41-1). Having considered the claim construction briefs and the arguments of counsel, the Court construes the disputed claim phrases as set forth below.

## BACKGROUND

Plaintiff Intellectual Ventures I LLC ("Plaintiff" or "Intellectual Ventures") filed suit against Defendant Ubiquiti, Inc. ("Defendant" or "Ubiquiti") for

infringement of the '122 patent. Compl. ¶¶ 21–40 (D.I. 1). This Opinion concerns the first step of the two-step infringement analysis—construction of claims asserted in the '122 patent. The '122 patent is titled the Transmit Announcement Indication and was issued on November 26, 2013. Id. at ¶ 17. Intellectual Ventures is the owner and assignee of all rights, title, and interest in the '122 patent, and the inventions claimed in the '122 patent were conceived by Menzo Wentink, while he worked as an engineer at Conexant Systems. Id. at ¶ 18, 20.

The Transmit Announcement Indication is a two-part transmission system, in which the first transmission notifies a device about an upcoming transmission that would lack addressing information, which allows the transmitting device to remove addressing information from the subsequent transmission. Id. at ¶¶ 22–23. "[O]ne exemplary embodiment comprises an improved transmit announcement indication scheme in which a first communication frame from a first station to a second station is sent, which comprises an address of the second station as well as a transmit announcement indication indicating that a second communication frame intended for the second station will follow the first communication frame." Id. at ¶ 25.

Plaintiff alleges that Defendant has directly infringed and continues to directly infringe at least claim 11 of the '122 patent. Id. at ¶ 27. Claim 11 of the '122 patent states as follows:

> A non-transitory computer-readable medium having instructions stored thereon that, if executed by a computing device, cause the computing device to perform operations comprising:
>     transmitting a first communication frame from a first station to a second station;
>     wherein the first communication frame comprises an address of the second station and a transmit announcement indication indicating that a second communication frame intended for the second station will follow the first communication frame and that the second communication frame will not include the address of the second station, and wherein the second communication frame follows after a short inter frame space (SIFS) after the first communication frame with the transmit announcement indication.

Compl. Ex. A at 8:32–47 (D.I. 1-1).

The Parties filed a Joint Claim Construction Chart ("Joint Chart") and a Joint Claim Construction Brief ("Joint Brief"). Joint Chart (D.I. 41); Joint Br. (D.I. 49). The Court held a claim construction hearing on May 29, 2025, and the Parties did not call expert witnesses. The '122 patent has a prosecution history, in which the Patent Trial and Appeal Board ("PTAB") construed the claim phrases to mean that the second communication frame "follows substantially immediately" after the first. Joint Appx. Ex. 2, March 7, 2025, PTAB Decision in IPR2024-01290, at 19 (D.I. 50-2).

## CLAIM CONSTRUCTION STANDARD

When the meaning of a patent claim's language is disputed, the court must construe the claim as a matter of law. Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996). "[T]he

construction of a patent, including terms of art within its claim, is exclusively within the province of the court." Markman, 517 U.S. at 372. "The purpose of claim construction is to 'determin[e] the meaning and scope of the patent claims asserted to be infringed.'" O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., 521 F.3d 1351, 1360 (Fed. Cir. 2008) (citing Markman, 52 F.3d at 976).

"The patent is a fully integrated written instrument." Markman, 52 F.3d at 978. For the purpose of claim construction, "[a] court should look first to the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification, and, if in evidence, the prosecution history." Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996) (citing Markman, 52 F.3d at 979). "The words of a claim are generally given their ordinary and customary meaning as understood by a person of ordinary skill in the art when read in the context of the specification and prosecution history." Thorner v. Sony Comput. Ent. Am. LLC, 669 F.3d 1362, 1365 (Fed. Cir. 2012) (citing Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc)).

Limitations from dependent claims, the specification, and embodiments will not be read into the claims. "The doctrine of claim differentiation [ ] creates a presumption that [ ] dependent claim limitations are not included in the independent claim." GE Lighting Sols., LLC v. AgiLight, Inc., 750 F.3d 1304, 1310 (Fed. Cir. 2014) (citation omitted). Limitations found in the specification are

not imposed into the claims.  Phillips, 415 F.3d at 1323–24.  In the same vein, "[i]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited."  GE Lighting Sols., 750 F.3d at 1309 (citation omitted) (discussing a figure as a "depicted embodiment").

## DISCUSSION

The Parties seek construction of two similar phrases: "the second communication frame follows after a short inter frame space (SIFS) after the first communication frame" and "the second communication frame after a short inter frame space (SIFS) that follows the first communication frame."  Joint Chart Ex. 1.  Claims 1, 11, and 16 include the phrase "the second communication frame follows after a short inter frame space (SIFS) after the first communication frame with the transmit announcement indication."  Compl. Ex. A at 8:32–47.  Claims 27 and 34 include the phrase "the second communication frame after a short inter frame space (SIFS) that follows the first communication frame."  Id. at 9:52–55, 10:21–23.

Plaintiff contends that the claim phrases should be construed to mean that "the second communication frame follows substantially immediately after the first communication frame (without any intervening response to the first

communication frame).." Joint Chart Ex. 1 at 2.  Plaintiff explains that "[t]he SIFS limitation ensures that the first and second communication frames can be transmitted between two stations without being interspersed with other communications frames."  Joint Br. at 9.

Plaintiff maintains that its construction stems from the express definition it provided in the detailed description of the patent: "This embodiment may be applied to other frame types as well, in which case the announced transmission follows substantially immediately (i.e., SIFS) after the frame which announces it, with the effect of postponing a potential SIFS response until after the announced transmission."  Compl. Ex. A at 5:52–57.  Plaintiff avers that this statement is clearly definitional, indicated by its use of "i.e."  Joint Br. at 10.  Plaintiff's proposed construction and supporting reasoning was adopted by the PTAB.  Joint Appx. Ex. 2 at 19.

Defendant argues that the claim terms should be construed to have an indefinite or plain and ordinary language meaning, which "[e]ncompasses described embodiments in which the indicated transmission may start after a possible response to the first communication frame."  Joint Br. at 9.  Giving the claim phrase its plain meaning, Defendant avers that "the word 'follow' means to be in pursuit, and the word 'after' means simply that one event occurs 'after' another event, consistent with everyday usage."  Id. at 1.  Defendant highlights

multiple embodiments in Plaintiff's patent with interspersed transmissions, such as Figures 3 and 4. Id. at 15–16.

The U.S. Court of Appeals for the Federal Circuit ("CAFC") applies "a 'heavy presumption' that claim terms carry their full ordinary and customary meaning, unless the patentee unequivocally imparted a novel meaning to those terms or expressly relinquished claim scope during prosecution." Omega Eng'g, Inc, v. Raytek Corp., 334 F.3d 1314, 1323 (Fed. Cir. 2003) (quoting CCS Fitness v. Brunswick Corp., 288 F.3d 1359, 1366 (Fed. Cir. 2002) and citing Teleflex, Inc. v. Ficosa N. Am. Corp., 299 F.3d 1313, 1325–26 (Fed. Cir. 2002)); see also SynQor, Inc. v. Artesyn Techs., Inc., 709 F.3d 1365, 1378–79 (Fed. Cir. 2013) ("A claim construction that 'excludes the preferred embodiment is rarely, if ever, correct and would require highly persuasive evidentiary support.'" quoting Adams Respiratory Therapeutics, Inc. v. Perrigo Co., 616 F.3d 1283, 1290 (Fed. Cir. 2010)).

Proper construction hinges on whether the claim phrase should be construed to include sequences with transmissions that intercede the first and second communication frames. The temporal words in both phrases are "follows" and "after." Joint Claim Construction Chart Ex. 1. None of the language used in either claim phrase can be interpreted to mean "substantially immediately" or "without any intervening response to the first communication frame," based on their plain

and ordinary meaning.  "Follows" is defined as "to go, proceed, or come after" or "to come or take place after in time, sequence, or order."  Follow, Merriam-Webster Dictionary (last visited June 10, 2025), https://www.merriam-webster.com/dictionary/follow.  "After" is defined as "following in time or place" or "subsequently to the time when" or "later in time."  After, Merriam-Webster Dictionary (last visited June 10, 2025), https://www.merriam-webster.com/dictionary/after.  While both words describe a temporal sequence, neither word places a limitation of immediacy on the time frame it refers to.

      None of the words used in the claim phrases can be construed to mean that the communication sequence has no intervening response.  This is bolstered by the embodiments in Figures 3 and 4 that show an intervening response.  Compl. Ex. A at Fig. 3–4.  To overcome this, Plaintiff would need to provide highly persuasive evidentiary support that it expressly relinquished claim scope during prosecution or show that it unequivocally redefined the claim phrase.  Omega Eng'g, Inc., 334 F.3d at 1323; SynQor Inc., 709 F.3d at 1378–79.

      Plaintiff argues that the cancellation of original claim 3 and the combination of original claims 1 and 2 during the prosecution of the '122 patent relinquished claim scope to exclude interceding responses.  Joint Br. at 11–12.  Original claim 3 stated "[t]he method of claim 1, wherein the second communication frame follows after a short infer frame space (SIFS) after a response to the first communication

frame with the transmit announcement indication." Ex. 2 at 2.  Original claim 2 stated "[t]he method of claim 1, wherein the second communication frame follows after a short inter frame space (SIFS) after the first communication frame with the transmit announcement indication." Id.  Plaintiff avers that by cancelling original claim 3, which included an express provision for an interceding response, and then combining original claim 2 into claim 1, the patent is limited to the independent claims to embodiments where the second communication frame follows substantially immediately after the first and excluded from the scope embodiments with an intervening response.  Joint Br. at 12.

      For the prosecution history to override the plain language of the claim scope, "precedent requires that the alleged disavowing actions or statements made during prosecution be both clear and unmistakable." Omega Eng'g, Inc., 334 F.3d at 1326.  Plaintiff concedes that the "prosecution history does not include an express statement of disavowal." Joint Br. at 22.  "'An ambiguous disclaimer' will not 'limit a claim term's ordinary meaning.'" Opticurrent, LLC v. Power Integrations, Inc., No. 2021-1712, 2022 WL 539158, at *5 (Fed. Cir. Feb. 23, 2022) (quoting SanDisk Corp. v. Memorex Prods., Inc., 415 F.3d 1278, 1287 (Fed. Cir. 2005)).

      Neither the statements nor actions of the prosecution history are highly persuasive to override the plain language of the claim scope.  Original claims 2 and 3 are not mutually exclusive, and claim 2 encompasses the scenario of claim 3.

Original claim 2 broadly stated "after the first communication frame," while claim 3 stated "after a response to the first communication frame." See Ex. 2 at 2. Original claim 2 is broad enough to include the scenario of claim 3 as both describe actions that occur after the first communication frame. The remaining Claim 1 is also broad enough to include a scenario in which the second communication frame follows after the first communication frame and a response to the first frame, as depicted in Figures 3 and 4.

As evidence that it redefined the claim phrase, Plaintiff emphasizes its use of the term "i.e.," in the patent. Joint Br. at 10-11. The use of "i.e." in the intrinsic record "is often definitional." Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., 853 F.3d 1370, 1376 (Fed. Cir. 2017) (citing Edwards Lifesciences LLC v. Cook Inc., 582 F.3d 1322, 1334 (Fed. Cir. 2009); Abbott Lab'ys. v. Novopharm Ltd., 323 F.3d 1324, 1330 (Fed. Cir. 2003)). The detailed description of the '122 patent states: "This embodiment may be applied to other frame types as well, in which case the announced transmission follows substantially immediately (i.e., SIFS) after the frame which announces it, with the effect of postponing a potential SIFS response until after the announced transmission." Compl. Ex. A at 5:52–57. Plaintiff avers that its use of "i.e.," defined a sequence in which "the announced transmission follows substantially immediately after the frame which announced it." Joint Br. at 10.

Defendant also addresses the use of "i.e.," but emphasizes that the structure of Plaintiff's sentence, in which the term "i.e.," and the word 'SIFS' are preceded by 'substantially immediately,' functions to define the phrase 'substantially immediately' to mean SIFS. Joint Br. at 16. Indeed, typically 'i.e.' is preceded by a term and followed by a definition for that term. Abbott Lab'ys., 323 F.3d at 1330 (holding that a patentee "explicitly defined" a term by using "i.e." followed by the definitional phrase); see also i.e. v. e.g., Meriam-Webster Dictionary (last visited June 10, 2025), https://www.merriam-webster.com/grammar/ie-vs-eg-abbreviation-meaning-usage-difference. Due to the unclear structure of Plaintiff's proposed definition, Plaintiff's use of 'i.e.,' here is not dispositive.

Further, the CAFC has held that "i.e.," is not definitional in cases "where interpreting 'i.e.,' as definitional would be internally inconsistent, or where it would read out preferred embodiments." Rembrandt Wireless Techs., 853 F.3d at 1377 (citing Pfizer, Inc. v. Teva Pharm., USA, Inc., 429 F.3d 1364, 1373 (Fed. Cir. 2005); Dealertrack, Inc. v. Huber, 674 F.3d 1315, 1326 (Fed. Cir. 2012)). Figures 3 and 4 in the '122 patent clearly show that a response may be sent in between first and second communications. Compl. Ex. A at Fig. 3–4. Based on the Court's interpretation of Figures 3 and 4, Plaintiff's proposed claim construction would read out these embodiments.

## CONCLUSION

For the foregoing reasons, the Court construes the claim phrases, "the second communication frame follows after a short inter frame space (SIFS) after the first communication frame" and "the second communication frame after a short inter frame space (SIFS) that follows the first communication frame" to have their plain and ordinary meaning in which the second communication frame may be sent after a possible response to the first communication frame.

DATED:  June 10, 2025

                                               /s/ Jennifer Choe-Groves
                                                  Jennifer Choe-Groves
                                                  U.S. District Court Judge[*]

---

[*] Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.